Ruffin C. J.
 

 The bill cannot be sustained in either aspect of it. As to the alleged alteration in the will, the Court of Equity has no jurisdiction, but it belongs exclusively to the Court of Probate ; which latter Court alone has power to determine the question, what is a will of personalty, and which Í3 the will of the testator, and, consequently, to authenticate it to all other Courts. The seal of the Court of probate is, therefore, evidence, that the paper, in the terms certified, is the testament of the deceased, and no suggestion can be heard, that any part has been added to, or left out of, the instrument.
 
 Bac. Ab. Executors, E.
 
 1. The province of the Court of Equity extends only to the construction o.f the will, as it is sent from the Court of probate.
 

 Upon the construction of this will, there seems no doubt. Upon the original will,.by itself, the intention would appear to have been, to give the residue to the children and grand-children, under the description of “all. heirs.” For
 
 *251
 
 the provision for the wife was so much more ample in' land, a full share of the negroes and in other specific articles, that it could hardly be supposed the testator intended, under those terms, to let her into the residue equally with the children, for whom he made a much less specific or pecuniary provision in the previous part of the will. But whatever doubt there might be. if there were nothing but the original will to guide, the point is rendered plain by the codicil, in which, while making provisions for a posthumous child, should there be one, he gives it a particular negro, and then says, “that child shall be heir with my children in the division and distribution of my estatewhich clearly refers to the residuary clause and shews that he used the term “heirs” there, as descriptive of his children and their issue, all of whom he had mentioned in the previous clauses of
 
 the
 
 will. Had it been the testator’s meaning, that his wife should take a part of the residue, he would have mentioned her again in the codicil, as one, with whom the after born child should be
 
 heir,
 
 as well as with the children. As he did not, the inference is, that, as mentioned in the codicil, the children were to take the residue, and that, if another should be born, such child should come in with the children.
 

 Per Curiam.
 

 Bill dismissed with costs.